**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT; et al., | No. 13-15421 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-08128-NVW |
| v. | |
| UNITED STATES FOREST SERVICE, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| And | |
| ARIZONA CATTLE GROWERS' ASSOCIATION; et al., | |
| Intervenor-Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 13, 2015[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, OWENS, Circuit Judge and BATTAGLIA,[***] District Judge.

Plaintiffs Western Watersheds Project and the Center for Biological Diversity appeal the district court's grant of summary judgment to the defendant in regard to the renewals of grazing permits for two allotments of national forest land. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Courts may overturn agency action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 481-82 (9th Cir. 2010) (citing 5 U.S.C. § 706(2)(A)).

Plaintiffs argue that monitoring data on the two allotments indicate that the vegetative and soil conditions of the land are declining. They argue that the Forest Service therefore abused its discretion in concluding that "monitoring indicates that current grazing management is meeting, or satisfactorily moving toward, objectives in the land and resource management plan," as it was required to do to renew the applicable grazing permits without conducting further environmental analysis. FY 2005 Appropriations Act, Pub. L. No. 108-447 § 339.

---

[***] The Honorable Anthony J. Battaglia, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

However, the district court properly concluded that the Forest Service's conclusion was not arbitrary or capricious. First, the Forest Service has the discretion to rely on its own data suggesting that the soil conditions on the land are in fact improving. *See Conservation Cong. v. Finley*, 774 F.3d 611, 617 (9th Cir. 2014) ("[W]hen reviewing scientific judgments and technical analyses within the agency's expertise, the reviewing court must be at its most deferential." (internal quotation marks omitted)). Likewise, the Forest Service rationally concluded that declining conditions were in part due to drought in the area, and that their adaptive grazing management satisfactorily responded to these circumstances. Finally, as the district court noted, the land and resource management plan includes not only the objective of maintaining soil and watershed conditions, but also to "[p]roduce the maximum amount of forage, consistent with other resource values, for use by wildlife and livestock on a sustained yield basis." The district court properly determined that the Forest Service's actions in concluding that current grazing management was satisfactorily moving towards these and other objectives in the plan were neither arbitrary nor capricious.

**AFFIRMED.**